### J. M. CEBALLOS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1904.)

#### No. 3,607.

CUSTOMS DUTIES—MEASUREMENT—OLIVES IN CASKS—"GALLON."

In assessing the duty of 15 cents per gallon provided in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 264, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], on olives in casks, the assessment should be based on measurement by the wine gallon, and not the dry gallon.

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought by J. M. Ceballos & Co., and relate to a decision of the Board of General Appraisers which overruled their protests against the assessment of duty by the collector of customs at the port of New York. Said decision is reported as G. A. 5,701, T. D. 25,359, and reads as follows:

Waite, General Appraiser. In these cases the collector has assessed duty upon olives in brine, contained in casks, at 15 cents per gallon, under paragraph 264, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], the number of dutiable gallons having been ascertained upon the basis of the wine gallon, of 231 cubic inches capacity. The classification is not questioned, but the protestants contend that the use of the wine gallon in measurement is an error, and that the olives should be gauged by the dry gallon, of 268.8 cubic inches capacity. With this contention we are unable to agree. The customs gallon of the United States is the wine gallon, of 231 cubic inches, which is uniformly referred to by the authorities as the standard gallon of this country. Nichols v. Beard (C. C.) 15 Fed. 435. See, also, 16 Ops. Attys. Gen. 359, and "gallon," Standard and Century Dictionaries. The dry or corn gallon is an old English unit of measurement, which we should judge has fallen into practical disuse. "Gallon," Century Dictionary. We are not aware that it has any common employment in the commerce of this country. The protestants, in any event, have offered no proof of its general commercial use, which would be incumbent upon them, since that fact is hardly within common knowledge. But were the use of the corn gallon as a unit of dry measurement notorious, it would still be open to serious doubt whether a commodity like olives in brine should be measured by it. It appears to be the practice to measure even dried olives by the liquid gallon. In its decision on the protest of Tai Hing (Abstract 35, T. D. 24,919), the board reversed the action of the collector at Honolulu in assessing dried olives at 2 cents per pound, as "edible fruits * * * dried," under paragraph 262 of the present tariff (30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]); sustaining a claim that they were dutiable as "olives" by the gallon, under said paragraph 264. The board said in part: "The well-established practice at this port [New York] is to return dried olives under the specific provision for olives in paragraph 264, and

139 F.—45

assess duty upon them at 15 cents per gallon; the unit of measure being the wine gallon, of 231 cubic inches, apparently the only gallon in common use in this country. Nichols v. Beard (C. C.) 15 Fed. 435. We are without any proof of trade usage or other evidence which would enable us to say that there is any theoretical or practical objection to measuring dry substances such as these by the liquid gallon, so as to make the construction adopted by the customs officers unjust, unreasonable, or absurd. * * * The construction placed upon a law by the officers who administer it frequently influences the construction given it by the courts. Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269."

For many years prior to 1897, olives, when dutiable, had been assessed at ad valorem rates. In that year an effort was successfully made to have a specific duty by the gallon imposed. Tariff Hearings, vol. 1, pp. 988, 993, 997, 998. We quote below from one of the communications received by the committee on ways and means, which we think makes it sufficiently plain that the interests concerned expected that olives in brine would be measured according to the methods in vogue in United States customhouses: "The present rate of duty (20 per cent. ad valorem) on olives shipped in brine in bulk is satisfactory, except that we earnestly request that the duty be changed from an ad valorem duty to a specific duty, as under an ad valorem duty there is great opportunity for undervaluation. * * * We would therefore recommend that the duty be made 5 cents for each American gallon, and that the mode of ascertaining the number of gallons in each package be as follows: Package to be laid on its side, bung up, capacity being taken by the standard United States system of gauging, and then the outage rod inserted through the bunghole until it comes in contact with the solid fruit, and after taking the outage from the gauged capacity of the package, the residue shall be the actual number of gallons on which duty shall be paid. Tariff Hearings, pp. 993, 994." We are not concerned in this case with the above suggestion regarding allowance for outage, which probably aimed at the exclusion from assessment of the supernatant brine. See T. D. 23,742. The portion of the cask to be made dutiable, however, was to be assessed upon the basis of the "American gallon," which, in our judgment, can have reference only to the wine gallon. Moreover, it was to be measured by the "standard United States system of gauging," in which, according to the authorities cited above, no other gallon has been recognized.

For the reasons given, we think the protests should be overruled, and the collector's decision affirmed, which is accordingly ordered.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

PLATT, District Judge. Decision of the Board of General Appraisers affirmed.